# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL GENE WILSON,           )
                               )
            Plaintiff,         )
                               )
v.                             )    Case No. CIV-16-215-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## OPINION AND ORDER

Plaintiff Michael Gene Wilson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 53 years old at the time of the ALJ's decision. Claimant obtained a GED. Claimant has worked in the past as a driller, roughneck, industrial cleaner, hand packager, welder, and construction worker. Claimant alleges an inability to work beginning July 1, 2009 due to limitations resulting from COPD, degenerative arthritis, cellulitis, deep vein thrombosis, systemic lupus erythematosus, and insomnia.

**Procedural History**

On December 15, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 6, 2014, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing on Claimant's applications. By decision dated October 3, 2014, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review on March 23, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider the medical source opinion evidence of Claimant's

4

treating physician; (2) failing to perform a proper analysis at steps four and five; and (3) failing to properly apply the Medical-Vocational Guidelines.

**Consideration of the Medical Opinion Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of cervical, thoracic, and lumbar degenerative disc disease, status post left shoulder rotator cuff tear and scapular fracture, right shoulder degenerative changes, generalized arthritis, rheumatoid arthritis, systemic lupus erythematosus by laboratory results, COPD, and pulmonary fibrosis. (Tr. 20). The ALJ found Claimant retained the RFC to perform a full range of light work. In so doing, the ALJ determined Claimant could lift/carry 20 pounds occasionally and ten pounds frequently, stand/walk for about six hours in an eight hour workday, and sit for about six hours in an eight hour workday. Claimant could only occasionally climb, stoop, and crouch and occasionally reach overhead bilaterally. Claimant must avoid even moderate expsure to dust, odors, fumes, gases, and other pulmonary irritants. He must be allowed to alternately sit and stand, but without leaving the workstation. Claimant could stand for as long as one to one and a half hours at a time before sitting, and he could sit for as long as two hours at a time before standing. (Tr. 26).

5

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of production small products assembler and arcade attendant, both of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 41). As a result, the ALJ concluded Claimant was not disabled from July 1, 2009 through the date of the decision. Id.

Claimant asserts the ALJ failed to properly consider the opinion of Dr. Mark R. Rogow, one of Claimant's treating physicians. Dr. Rogow authored a medical source statement dated May 9, 2014. He found Claimant could "infrequently" sit and stand/walk. "Infrequently" is defined on the form used by Dr. Rogow as "0-1 hrs." (Tr. 632). He estimated that Claimant could frequently lift/carry less than ten pounds. Dr. Rogow also stated Claimant could "infrequently" use his arms for reaching, pushing, and pulling. Claimant could "occasionally" use his hands for grasping, handling, fingering, or feeling. "Occasionally" is defined on the form as "2-3 hrs." He also needs rest because of pain. In the supporting medical findings section, Dr. Rogow narratively states "cervical & lumbar disc disease & radiculitis; arthritis of shoulders. Arthritis in hip. Generalized osteoarthritis." Id.

6

The ALJ did not give Dr. Rogow's opinion "controlling weight", finding

> it is not consistent with other substantial evidence in the record, including diagnostic images of the claimant's lumbar and cervical spine, which show no anatomical cause of radiculitis (with only mild/grade I anterolisthesis and no evidence of nerve root impingement, and findings on examination, including his own examination findings, which do not support the degree of limitation he opines.

(Tr. 36).

The ALJ explained further that he was giving Dr. Rogow's opinion "little, if any, weight" because (1) Dr. Rogow is not a specialist in neurology, orthopedics, or rheumatology, but rather a general practice physician; (2) his treatment of Claimant, which consisted of refilling prescription medication, was not consistent with the degree of limitation he asserts; (3) Dr. Rogow rarely made changes to Claimant's medication, even when Claimant complained of increased symptomatology; (4) diagnostic imaging did not support an anatomical cause for Claimant's radiculopathy and Dr. Rogow only recorded Claimant's subjective statements on this pain; (5) straight leg raising testing was positive only in the supine position; (6) abnormal range of motion findings on Claimant's right shoulder only occurred on one occasion when he had normal range of motion on other occasions; (7) no evidence of arthritis of the hip appears in the record - only hip tenderness; (8) osteoarthritis

7

only resulted in joint swelling but no loss of range of motion; (9) Claimant had normal hand skills and grip strength with a safe and stable gait without the use of an assistive device; (10) Dr. Rogow's limitations were inconsistent with Claimant's own testimony that he could stand up one to one and a half hours at a time and sit for two hours at a time; and (11) Dr. Rogow's degree of limitation was inconsistent with Claimant's reported physical activities. (Tr. 36-37). The ALJ also found Dr. Rogow's opinion was contradicted by state agency physicians who determined Claimant could perform a full range of light work, although the ALJ included additional limitations not found in the state agency reviewer's reports. (Tr. 37).

Contrary to Claimant's arguments, the ALJ was authorized to consider as one factor that Dr. Rogow is not a specialist, since the regulations permit an ALJ to give more weight to a specialist than a non-specialist in the areas for which an opinion is offered. *See* 20 C.F.R. § 404.1527(c)(5). Dr. Rogow's reliance upon the examination by Dr. Jim Burke wherein he found range of motion of the shoulders, elbows, wrists, and hands to be within normal limits was reasonable. (Tr. 523). Even the records to which Claimant cites to support further restrictions of the left shoulder indicate "[o]verall findings were normal" noting some decreased range of

motion. (Tr. 566).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a

9

specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ in this case provided very specific and accurate reasons for rejecting Dr. Rogow's rather brief but overly restrictive medical source statement. No error is attributed to the ultimate bases for rejecting the opinion.

Claimant also contends the ALJ failed to weigh Dr. Burke's opinion. The ALJ acknowledged Dr. Burke's finding with regard to his upper extremity testing (Tr. 29), knee and joint pain findings, (Tr. 30), COPD findings (Tr. 31), strength and neurological findings (Tr. 31-32), and found his findings to be consistent with

the other state agency physicians whose opinions he gave "some weight." (Tr. 37).

Defendant contends the ALJ considered all of Dr. Burke's findings and accepted them. However, Defendant argues Dr. Burke's findings do not constitute a medical opinion that must be weighed. As Defendant indicates, "[m]edical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Dr. Burke offers diagnostic findings which the ALJ readily acknowledges and, for the most part, accepts. He does not render an opinion as to Claimant's occupational restrictions which would translate to the RFC. As a result, the ALJ did not err in failing to specifically state a weight for Dr. Burke's diagnostic report.

**Step Four and Five Analysis**

Claimant contends the ALJ should have included additional restrictions in the RFC based upon Dr. Rogow's medical source statement. The ALJ's rejection of Dr. Rogow's opinion has been affirmed by this Court. Consequently, no further restrictions based upon Dr. Rogow's conclusions were required in the RFC or the hypothetical questioning of the vocational expert.

11

Claimant also asserts the ALJ should have included additional limitations in the RFC for various medical and mental conditions. The ALJ accounted for Claimant's limitations in reaching. (Tr. 26). No additional restriction for pushing or pulling was alleged or warranted by the evidence.

Claimant contends his COPD restricted his walking and standing. The ALJ considered the evidence regarding Claimant's respiratory condition, noting his smoking habit and testing which he concluded did not require further restrictions. (Tr. 31).

Claimant asserts the ALJ should have included restrictions for his hands. The evidence did not support further motor or sensory deficits for which additional limitations in the RFC were required. (Tr. 22, 30).

Claimant also contends the ALJ should have included the "paragraph B" limitations in the RFC. The social security ruling on assessing a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' ... criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Soc. Sec. R. 96-8p. The Tenth Circuit has specifically found that the failure to include a moderate limitation in social functioning, for example, in the RFC based

solely upon the finding at step three is not error. Beasley v. Colvin, 520 Fed. Appx. 748, 754 (10th Cir. 2013). No error is attributable to failing to include the "paragraph B" criteria in the RFC.

Claimant follows through with this argument and contends the ALJ should have included additional limitations in the hypothetical questioning of the vocational expert. In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). The ALJ's questioning accurately reflected the limitations supported by the evidentiary record.

**Application of the Grids**

Claimant asserts the ALJ should have applied the Medical-Vocational Guidelines to his limitations. This Court finds no error in the RFC restricting Claimant to light work. An individual of Claimant's age, education, and work experience who is limited to the full range of light work is presumptively not disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 2 § 202.14. The ALJ

did not err in declining to apply the grids in this case.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 28th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE